## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

LEROY ARNOLD SMITH et al.,

      Plaintiffs,

vs.                                                 CASE NO. 5:08-cv-84/RS/AK

UNITED STATES OF AMERICA et al.,

      Defendants.

_____/

## ORDER

Before me are Defendant Lawrence M. Novicky's Motion to Dismiss (Doc. 17) and Plaintiffs' Response (Doc. 31).

## I.     Background

Plaintiffs, comprised of current and former Bureau of Prison ("BOP") employees, current and former BOP inmates and miscellaneous third parties, allege that they were exposed to hazardous metals, radiation and other toxic substances found at the computer recycling warehouse operated by Federal Prison Industries, Inc. operating as UNICOR and located at the Federal Correctional Institution located in Marianna, Florida ("FCI Marianna"). They have alleged common law and constitutional tort claims premised on defendants' failure to warn them of the

purportedly dangerous conditions. They seek declaratory, injunctive and compensatory relief. They have named as defendants not only the United States but also individual BOP employees, including Mr. Novicky who is the General Manager, Recycling Business Group, Federal Prison Industries, and whose office is in Washington, D.C.

Defendant Novicky has filed a motion to dismiss based on several alleged deficiencies in Plaintiffs' complaint, including lack of personal jurisdiction.

## II.    Standard of Review

In order to overcome a motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).  A wholly conclusory statement of a claim will not suffice. *Id*. When ruling on a motion to dismiss, all factual allegations in the complaint must be accepted as true. *Id*.

## III.    Discussion

While I have subject matter jurisdiction over this action on the basis of diversity of citizenship between the parties, Defendant contends that that this action must be dismissed for lack of personal jurisdiction. Whether a federal court has personal jurisdiction over a defendant is a question of law. *Consol. Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1291 (11th Cir. 2000) (citing *Sculptchair, Inc. v.*

*Century Arts, Ltd.,* 94 F.3d 623, 626 (11th Cir. 1996)). Federal courts sitting in

diversity undertake a two-step inquiry in determining whether personal jurisdiction

exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm

statute, and (2) not violate the due process clause of the Fourteenth Amendment to

the United States Constitution. *United Tech. Corp. v. Mazer,* 556 F.3d 1260, 1274-

75 (11th Cir.2009); *Sloss Indus. Corp. v. Eurisol,* 488 F.3d 922, 925 (11th Cir.

2007).

      The reach of the Florida long-arm statute is a question of Florida law which

federal courts are required to construe as would the Florida Supreme Court. *United

Tech. Corp.,* 556 F.3d at 1274-75; *Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264,

1271 (11th Cir. 2002). Further, "a plaintiff seeking to subject a nonresident

defendant to jurisdiction of the court through the long-arm statute must do more

than allege facts that show a possibility of jurisdiction." *Lawson Cattle & Equip.,

Inc. v. Pasture Renovators LLC,* 139 F. App'x 140, 142 (11th Cir. 2005) (quoting

*Jet Charter Service, Inc. v. Koeck,* 907 F.2d 1110, 1112 (11th Cir. 1990)). The due

process clause of the Fourteenth Amendment requires that the defendant have

minimum contacts with the forum state and that the exercise of jurisdiction not

offend "traditional notions of fair play and substantial justice." *Sloss,* 488 F.3d at

925 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154

(1945)).  The non-resident defendant should reasonably expect to be haled into court in the forum. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S. Ct. 2174 (1985).  I conclude that given the nature of Defendant Novicky's contacts in Florida, he is neither subject to general or specific personal jurisdiction in Florida.

Plaintiff bears the burden of establishing a prima facie case of personal jurisdiction over the Defendant, which means Plaintiff must present enough evidence to withstand a motion for directed verdict.  *Internet Solutions Corp. v. Marshall,* 557 F.3d 1293, 1296 (11th Cir. 2009); *Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1268-69 (11th Cir. 2002); *Consol. Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1291 (11th Cir. 2000). "A directed verdict is only proper when the facts and inferences so overwhelmingly favor the verdict that no reasonable juror could reach a contrary decision." *Butler v. Greif Bros. Service Corp.,* 231 F. App'x 854, 856 (11th Cir. 2007) (citing *Carruthers v. BSA Adver., Inc.,* 357 F.3d 1213, 1215 (11th Cir. 2004)).  I may make factual findings necessary to dispose of motions to dismiss for lack of personal jurisdiction. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

### A.    Jurisdictional Facts

As an initial matter, whether there is personal jurisdiction over this defendant requires a review of Defendant's contacts with the state of Florida as set

forth in the record.  Here, Plaintiff does not dispute that Defendant Novicky is not a Florida resident (Compl. ¶ 102).  Plaintiffs have not alleged that Mr. Novicky ever traveled to or maintained an office in Florida.  (Doc. 31 at 4).

### B.    Specific Personal Jurisdiction

Having reviewed the purported contacts of the Defendant with the state of Florida, I next analyze whether such contacts fall within the reach of Florida's long-arm statute.  Plaintiffs' allege that Defendant Novicky conducted business in Florida through an agent (employees of UNICOR) and that he committed tortious acts through those agents. (Doc. 31 at 5).

### 1.    Long-Arm Statute

Florida's long-arm statute provides for specific jurisdiction over a non-resident defendant.  Section 48.193(1) provides that:

> Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in [Florida] or having an office or agency in [Florida].
>
> (b) Committing a tortious act [in Florida] . . . .

### a.    Novicky's "Agents"

Defendant Novicky is the General Manager of UNICOR's recycling

program. UNICOR is a "government corporation organizationally within the

Bureau of Prisons . . . ." 28 C.F.R. § 345.11(a). Consequently, any UNICOR

employees working at FCI Marianna are agents of the Bureau of Prisons, not of

Defendant Novicky. Plaintiffs' contention that the UNICOR employees in

Florida should be considered in assessing whether Novicky's contacts with the

forum are "continuous and systematic" is without merit. Indeed, "while Florida

Statutes 48.193(1) creates specific jurisdiction as a result of the acts of an agent of

a defendant, Florida Statutes 48.193(2) limits general jurisdiction to acts of the

defendant itself." *Polymers, Inc. v. Ultra Flo Filtration Systems, Inc.,* 33 F. Supp.

2d 1008,1011 (M.D. Fla.1998) (citing *Pesaplastic, C.A., v. Cincinnati Milacron

Co.,* 750 F.2d 1516, 1521 (11th Cir.1985)). Thus, the Palintiffs' assertion that the

acts of Novicky's "agents" are capable of subjecting Novicky to personal

jurisdiction under 48.193(2) directly contradicts both the plain language of the

long-arm statute and the case law interpreting that language. Accordingly, personal

jurisdiction over Novicky cannot be asserted on this basis.

## 2.    Due Process Analysis

As discussed above, the second part of the jurisdictional analysis requires

my review of whether exercising jurisdiction over Defendant comports with the

Due Process Clause of the Fourteenth Amendment.  Subjecting Defendant to jurisdiction in Florida comports with due process so long as "minimum contacts" exist between Defendant and Florida and exercising jurisdiction does not offend "traditional notions of fair play and substantial justice." *Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1220 (11th Cir. 1999) (quoting *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 258-59 (11th Cir. 1996) (internal quotation omitted)). Because I conclude the Florida long-arm statute does not reach Defendant Novicky, it is unnecessary to present a detailed analysis.

The Eleventh Circuit employs a three-prong test to determine whether a defendant has established the requisite minimum contacts with the forum state to comply with the Fourteenth Amendment's due process requirement: (1) the contacts must be related to the plaintiff's cause of action; (2) they must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the state; and (3) the defendant's contacts with the state must be such that the defendant should reasonably anticipate being haled into court there.  *Posner,* 178 F.3d at 1220.  Here, Plaintiffs have alleged insufficient contacts between Defendant Novicky and the forum.

### D.    General Personal Jurisdiction

General jurisdiction over a foreign defendant is further conferred on Florida

courts pursuant to Section 48.193(2) of Florida's long-arm statute, which provides:

> A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193(2) (2009).

By the terms of the long-arm statute, general jurisdiction under Fla. Stat. § 48.193(2) does not require a connection between a defendant's activities and the cause of action. *See Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408, 414 n. 9, 104 S. Ct. 1868, 1872 n. 9, 80 L.Ed.2d 404 (1984). Florida courts have held the term "substantial and not isolated activity" used in § 48.193(2) means "continuous and systematic general business contact" with Florida. *Snow v. DirecTV, Inc.,* 450 F.3d 1314, 1318-19 (11th Cir. 2006). Further, such contacts must be "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co.,* 326 U.S. at 318, 66 S. Ct. 154. A defendant's contacts over the "period of years prior to the filing of a complaint" should be considered. *KVAR Energy Sav., Inc. v. Tri-State Energy Sol'ns, LLP,* 2009 WL 103645, *4 (M.D. Fla. Jan. 15, 2009) (citing *Autonation, Inc. v. Whitlock,* 276 F. Supp. 2d 1258, 1263 (S.D. Fla.2003)); *Woods v. Nova Cos. Belize Ltd.,* 739 So.2d 617, 621 (Fla.4th DCA 1999).

The jurisdictional facts, as discussed in detail above, do not support general personal jurisdiction over Defendant. *Rexam Airspray, Inc. v. Arminak,* 471 F.Supp.2d 1292, 1299 (S.D. Fla.2007) (infrequent business travel to Florida for sales meetings, employment of Florida agent, and one-time advertisement not sufficient to confer general jurisdiction); *Musiker,* 960 F.Supp. at 297 (telephone calls made by chief executive officer of nonresident corporation to resident stock purchaser, corporate materials faxed and mailed to purchaser, and CEO's presentation to stockbrokers at meeting in Florida was not "substantial and not isolated" conduct). Cases finding general personal jurisdiction involve more contacts with Florida. *See e.g., Future Tech Intl., Inc. v. Tae II Media, Ltd.,* 944 F.Supp. 1538 (S.D.Fla.1996) (defendant had existing business relationship with resident plaintiff corporation to manufacture goods for it, extensive correspondence and communication with plaintiff, attendance at three meetings in Miami, and solicitation of business from Florida customers). Further, the absence of specific jurisdiction, as discussed above, is indicative of the lack of general jurisdiction. *Meier,* 288 F.3d at 1274 ("The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction . . . .") (internal citations omitted); *Christus St. Joseph's Health Sys. v. Witt Biomedical Corp.,* 805 So.2d 1050, 1052 (Fla.Dist.Ct.App.2002). Accordingly, Defendant's

contacts in Florida are not sufficiently continuous and systematic to justify any a cause of action against it in Florida.

## IV.    Conclusion

Plaintiffs have failed in their burden of establishing a prima facie case of personal jurisdiction over the Defendant Novicky.  Because I find that the cause of action must be dismissed for lack of jurisdiction, I will not further address the merits of Defendant Novicky's motion to dismiss. Consequently,

**IT IS ORDERED:**

1.    Defendant Lawrence Novicky's Motion to Dismiss (Doc. 17) is

    **GRANTED**.  Plaintiffs' claims are **dismissed without prejudice.**

    Plaintiffs may re-file their claims in a court of competent jurisdiction.

2.    The clerk is directed to drop Defendant Novicky from the case.


**ORDERED** on September 22, 2009.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**